STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

May 1, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**AUDREY J. LIGHT,**
**Claimant Below, Petitioner**

**vs.)   No. 12-1454**  (BOR Appeal No. 2047358)
                 (Claim No. 970030978)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MFFL, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Audrey J. Light, by Ronald Harman, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Anna Faulkner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 6, 2012, in which the Board affirmed a June 19, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 18, 2010, decision denying Ms. Light's request for a permanent total disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Ms. Light sustained significant injuries to her lumbosacral spine on June 28, 1994, while attempting to lift heavy supplies. On June 25, 2003, Ms. Light filed an application for permanent total disability benefits. Following her injury, Ms. Light underwent numerous evaluations to determine the extent of her disability.

On January 5, 1999, S. Edward Said, M.D., performed an independent medical evaluation and noted that Ms. Light has a limited capacity for sitting, standing, walking, and lifting. He found that she is unable to return to her regular employment as a cashier, and further found that her inability to return to her regular employment is related to the injuries to her lumbosacral spine. Dr. Said concluded that Ms. Light may be able to engage in employment at a very light physical demand level with lifting of no more than ten pounds on an occasional basis; no reaching, bending, or twisting; and must have the opportunity to change position from sitting to standing every hour. On February 3, 1999, vocational consultant Richard Poe, M.A., L.P.C., C.R.C., N.C.C., stated that he feels vocational rehabilitation would not be possible for Ms. Light and further stated that she is not employable at the present time. On May 3, 1999, Benjamin Rezba, M.D., one of Ms. Light's primary care physicians, completed a disability assessment questionnaire and opined that Ms. Light's current physical limitations include a restriction on lifting of no more than ten pounds occasionally; a limitation on standing/walking of no more than three hours per day with position changes every hour; a limitation on sitting of no more than five hours per day with position changes every hour; no climbing ladders, stooping, or crawling; occasional climbing of two flights of stairs per hour, crouching, and reaching; and pushing and pulling of no more than ten pounds occasionally.

On May 10, 1999, Harold Slaughter, M.S., performed a psychovocational evaluation and concluded that Ms. Light is not capable of engaging in gainful employment. He diagnosed Ms. Light with anxiety disorder resulting from her lumbosacral injuries, major depressive disorder, and dysthymic disorder. He opined that a combination of psychiatric and physical issues is contributing to Ms. Light's inability to engage in gainful employment.

On May 28, 1999, physical therapist Jane Downey opined that Ms. Light's condition is worsening and she is unemployable at the present time. Bruce Guberman, M.D., performed an independent medical evaluation on February 24, 2004, and determined that Ms. Light is permanently and totally disabled as a result of her lumbosacral spine injuries. On July 2, 2004, Ralph Salvagno, M.D., performed an independent medical evaluation and, after reviewing the psychological and psychovocational assessments contained in Ms. Light's medical record, opined that Ms. Light does not appear capable of returning to any type of productive employment. Also on July 2, 2004, Allan Levy, M.D., performed a psychiatric independent medical evaluation and diagnosed Ms. Light with major depression related to her lumbosacral spine injuries and opined that from a psychiatric perspective, Ms. Light is capable of returning to gainful employment.

On July 7, 2004, physical therapist Lauren Devart performed a functional capacity evaluation and concluded that Ms. Light is employable at the light physical demand level so long as she is afforded the ability to frequently change positions. Ms. Devart found that Ms. Light can lift a maximum capacity of twenty pounds and can frequently lift a capacity of ten pounds; can

stand or sit for less than three hours with frequent position changes; can push a maximum of seventy-five pounds and can pull a maximum of forty-six pounds; can occasionally climb; can frequently stoop, kneel, crouch, crawl, and bend; and can engage in unlimited reaching and handling.

Cheryl Hill, M.D., performed a final psychiatric independent medical evaluation on August 22, 2007, and diagnosed Ms. Light with major depressive disorder. She opined that although Ms. Light's lumbosacral spine injury contributed to the presence of her current psychiatric disorder, her depression predated the lumbosacral spine injuries. She then concluded that Ms. Light is not disabled as a result of her psychiatric diagnosis.

On June 16, 2008, Jason Roush, D.P.T., performed a functional capacity evaluation and determined that Ms. Light is capable of engaging in gainful employment at the sedentary to light physical demand level that would require minimal bending and squatting. He found that Ms. Light was frequently able to lift approximately ten pounds, occasionally lift approximately twenty pounds, sit for forty-five minutes, stand for ten minutes, and walk for five minutes. On June 25, 2008, an independent vocational rehabilitation report was prepared by Genex Services. In that report, it was determined that Ms. Light was capable of working at the sedentary to light physical demand level, that she possesses transferrable vocational skills, and that there are positions available that fall within her current set of skills and abilities.

On August 18, 2010, the claims administrator denied Ms. Light's request for permanent total disability benefits. Finally, on January 19, 2011, Casey Vass, R.N., M.S., C.R.C., C.C.M., C.I.C.P., Q.R.P., performed a vocational assessment and concluded that Ms. Light cannot engage in any type of gainful employment. He determined that Ms. Light has no transferrable vocational skills and further concluded that the frequent changes in position that she would require are incompatible with employment at the light to sedentary physical demand level.

In its Order affirming the August 18, 2010, claims administrator's decision, the Office of Judges held that Ms. Light is capable of engaging in substantial gainful employment and is therefore not permanently and totally disabled. Ms. Light disputes this finding and asserts that the vocational evidence of record demonstrates that she is permanently and totally disabled because she is incapable of engaging in gainful employment.

Both the Permanent Total Disability Review Board and the Office of Judges determined that Ms. Light met the requisite whole person impairment threshold necessary for further consideration of a permanent total disability award. Therefore, the issue on appeal is whether Ms. Light is capable of engaging in substantial gainful employment. Pursuant to West Virginia Code § 23-4-6(n)(2) (2005), in order to receive a permanent total disability award, a claimant must be unable to engage in substantial gainful employment.

In making its determination, the Office of Judges relied on the opinions of Mr. Roush, Ms. Devart, Dr. Hill, Dr. Levy, and Genex Services, all of whom indicated that Ms. Light is employable at the sedentary to light physical demand level, albeit with multiple restrictions. Further, the Office of Judges noted that Ms. Light has received social security disability benefits.

However, an award of social security disability benefits, while entitled to considerable evidentiary weight, is not conclusory evidence with regard to the receipt of a permanent total disability award. *Lambert v. Workers Compensation Division,* 211 W.Va. 436, 448, 566 S.E.2d 573, 585 (2002). Moreover, after reviewing the evidentiary record, the Permanent Total Disability Review Board also concluded that Ms. Light is employable at the sedentary to light physical demand level with restrictions. After weighing all of the evidence of record, the Office of Judges concluded that although Ms. Light cannot return to her pre-injury employment, the vocational and psychiatric evidence of record demonstrates that she is capable of returning to some type of substantial gainful employment at the sedentary to light physical demand level with appropriate restrictions. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of December 6, 2012. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 1, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman
Justice Menis E. Ketchum

4